**UNITED AIRLINES, INC., Plaintiff,**

v.

**Dan McKINNON, et al., Defendants.**

**Civ. A. No. 83–3198.**

United States District Court,
District of Columbia.

Nov. 10, 1983.

Raymons S. Calamaro, Kenneth Berlin, John R. Keys, Jr., Ann Woodley Harbottle, Washington, D.C., Edward L. Foote, Chicago, Ill., for plaintiff.

Theodore Grossman, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

This action originated as a suit for declaratory judgment and injunction to prevent the Civil Aeronautics Board from enforcing Order No. 83–8–105 issued pursuant to Section 407(a) of the Federal Aviation Act, 49 U.S.C. § 1377(a), directing United to submit a "special report," including production of documents, concerning practically all aspects of its computerized reservation service (CRS). The Board countered with a motion to dismiss the complaint and to enforce the questioned Order. Purely legal issues are involved and after receiving briefs and hearing oral argument it appears for reasons stated below that the complaint must be dismissed and the report Order enforced.

United is a regulated air carrier. The Civil Aeronautics Board has authority to investigate and to regulate the manner in which air carriers conduct their operations as well as to prevent deceptive practices and inquire into restrictive arrangements. The Board's Order was issued as part of an investigation, prompted by complaints from smaller carriers and inquiries from Congress, into the manner in which the five major carriers which have CRS's operate these services. The other four carriers affected by the Order have worked out a satisfactory compliance arrangement with the Board. United objects, however, arguing that § 407(a) does not empower the Board to compel production of the documents and information called for by the Order, and that the Board must proceed by subpoena under 14 C.F.R. § 305, which sets forth a procedure for conducting informal investigations.

Under the Federal Aviation Act of 1958, 49 U.S.C. §§ 1301, *et seq.*, the Board is granted authority to collect information relevant to its mission under two independent statutory provisions. Section 407 empowers the Board to compel release of information from regulated air carriers; § 407(a) specifically empowers the Board to require "special reports from any air carrier ... and to require from any air carrier specific answers to all questions upon which the Board may deem information to be necessary." Section 1004 of the Act allows the Board to compel production of documents or testimony from any person, and grants the Board subpoena power. 49 U.S.C. § 1484.

In 1963 the Board promulgated 14 C.F.R. § 305, which governs "informal nonpublic investigations ... undertaken by the Enforcement Division." 14 C.F.R. § 305.1. Section 305 was specifically issued to implement § 1004 of the Act. *See* 28 Fed.Reg. 5989, 5990 (1963). United argues that in the present investigation the Board must follow the procedures set down by this regulation since in reality it is part of an enforcement action. The Board contends that § 305 only applies to investigations of air carriers and others undertaken pursuant to § 1004, and that the Order issued by the Board under § 407 is wholly appropriate as an alternative procedure applicable to air carriers under its jurisdiction.

"The Board's interpretation of the statute and its own regulations is entitled to deference." *CAB v. United Airlines, Inc.,* 542 F.2d 394, 402 (D.C.Cir.1976). The

Board has consistently maintained that "the primary purpose of part 305 was to provide a means for obtaining information from persons *who are not subject to regulation under the Federal Aviation Act.*" 542 F.2d at 402 n. 10 [emphasis added]. United, of course, is an air carrier subject to regulation under the Act and, unlike those not subject to such regulation, can be compelled to issue special reports under § 407. It is clear, therefore, that by issuing 14 C.F.R. § 305 the Board did not intend to and has not restricted its authority to conduct investigations of regulated carriers pursuant to its separate grant of authority under § 407.

While United has made clear the reasons why it would prefer the Board to proceed under § 1004, it has utterly failed to demonstrate that the Board cannot conduct the present investigation pursuant to § 407. The language of § 407 clearly grants the Board broad powers. The Board has used § 407 in aid of similar investigations in the past. *See Eastern Airlines Report Pursuant to 407(a),* Order 80–6–130 (June 20, 1980); *United Airlines Report Pursuant to Section 407(a),* Order 81–7–9 (July 2, 1981). Regulations and procedures exist to protect United's interest in the confidentiality of the information submitted. And although, as United fears, the Commission's investigation may be a prelude to institution of an enforcement proceeding, no enforcement action has yet been authorized. The mere possibility of an enforcement action and the availability of an alternative means of investigation certainly does not force the Board to proceed under § 1004(b). As noted in *CAB v. United Airlines:*

> While, as United argues, a subpoena under § 1004(b) of the Act, 49 U.S.C. § 1484(b), and the regulations issued pursuant to that subsection, would be available in aid of an investigation, relegating the Board to that procedure would result in delay and some loss of flexibility.

542 F.2d at 402 [footnote omitted].

The Board's authority under § 407(a) also clearly allows it to compel production of documents from regulated air carriers

as part of the required special reports, a position the Board has consistently taken. *See, e.g.,* 14 C.F.R. § 385.22(c); *Eastern Airlines Report, supra; United Airlines Report, supra.* Section 407, like similar provisions of the Interstate Commerce Act and Federal Trade Commission Act upon which it was modeled, *see* 49 U.S.C. § 20(1) and 15 U.S.C. § 46(b), grants the Board "broad powers to require the submission of particular data." *Association of American Railroads v. United States,* 371 F.Supp. 114, 116–17 (D.D.C.1974). A special report requested under this authority may call for "the furnishing of statistical or like information, details of organization and operation, *specific documents,* etc." *St. Regis Paper Co. v. United States,* 368 U.S. 208, 220, 82 S.Ct. 289, 296, 7 L.Ed.2d 240 (1961) [emphasis added].

Reviewing a similar grant of authority to a different agency, this court noted that where an agency can "require the preparation of reports … 'in such form as the Secretary may prescribe' … [t]o state that the Secretary may then be prevented from receiving the documents underlying such reports would be contrary to reason and to the intent of Congress." *United States v. Firestone Tire & Rubber Co.,* 455 F.Supp. 1072, 1082 (D.D.C.1978). The same reasoning applies with equal force to the present case. The Board is free under § 407(a) to require that a special report include a recital of the contents of particular documents, and under § 407(e) the Board has authority to directly inspect an air carrier's records. There is nothing in the legislative history of the Act which suggests a limitation on the right of the Board to obtain documents under the report provision. The "cumulative effect" of the Board's Order "is substantially that of a request for a report." *St. Regis Paper,* 368 U.S. at 220, 82 S.Ct. at 296.

The Board has demonstrated that it has the authority to require United to file the special report directed by its Order, and United has failed to show that the Board's Order violates the company's procedural rights. The Board's petition to enforce its

Order must therefore be granted, United's motion for a preliminary injunction denied, and the action dismissed.